### *CASANOVICHI & AL.* vs. *DEBON & AL.*

Vouchers filed by an executor in support of his account are *prima facie*, evidence of its correctness.

APPEAL from the court of probates of the parish and city of New Orleans.

PORTER, J. delivered the opinion of the court. The present appeal is brought from a decision of the court of probates, homologating the account of the executors of the late Stephen Casanovichi. After various proceedings on

East'n District.
June, 1824.

CASONOVICHI
&. AL.
vs.
DEBON & AL.

the part of the heirs to obtain an account, we find, that on the 11th July, 1821, they presented a petition, praying that E. Debon, one of the executors, might be ordered forthwith to file and exhibit in that court, all books and papers of whatever kind belonging to the succession, and all vouchers necessary to support the same ; and that he be also decreed to place in deposit, the balance of money remaining in his hands.

To this petition the defendant pleaded.

That on the day of filing his answer, he had deposited in the office of the register of wills, the only books belonging to the estate of the deceased, which books were two in number.

That he had also filed a receipt of one Vincent Gambil, and all the papers that were found and inventoried, after the death of the deceased.

That the account already filed by the executor, must be taken as true, until the contrary is shewn, and satisfactorily proved.

That the heirs could claim nothing in his hands, as the property left by the testator, was not sufficient to pay the debts due. That there was an action, then pending against him, at

East'nDistrict. the suit of Vincent Roux, alias Gamby, for
*June*, 1824. the sum of $17,737, and that no deposit could
CASONOVICHI be made until after all the debts were paid.
& AL.
*vs.*             Before any proceedings were had on these
DEBON & AL. pleadings, Gamby, the creditor mentioned in
the answer of the executor, prayed leave to
intervene in the cause ; and permission hav-
ing been granted him, he filed a petition in
which he stated, that the plaintiffs were not
heirs of the deceased ; denied that they had a
right to claim the balance due by the execu-
tors ; and demanded, that until the decision of
the suit brought against him, he should be en-
joined and prohibited from paying any of the
monies in his hands, belonging to the estate,
to the plaintiffs.

On these pleadings, the court of probates
gave judgment, homologating the account of
the executor—on the ground that the plain-
tiffs had not supported their allegations of its
incorrectness.

The plaintiffs appealed from this judgment.

The account of the executor is accompanied
by a vast number of vouchers and receipts.
The judge below considered them as *prima
facie* evidence, in support of the account, and
we are of opinion that under the pleadings,
he did not err in doing so.

East'nDistrict.
*June*, 1824.

CASONOVICHI
& AL.
*vs.*
DEBON & AL.

In this court a variety of exceptions have been made to the account, and several errors have been alleged in it. According to the strict rules of practice, the plaintiffs have perhaps lost the opportunity of taking advantage of these objections. An examination of the whole record, has however convinced us, that this case is one where justice requires it should be remanded for a reexamination.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates, be annulled, avoided and reversed, and that the case be remanded for a new trial—the appellee paying the cost of this appeal.

*Derbigny* for the plaintiffs, *Mazureau* for the defendants.